**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**RICHARD ALLEN BLISS,**

                    **Plaintiff,**                      3:13-cv-1086
                                                                     (GLS/CFH)

                    v.

**CAROLYN W. COLVIN,**
Commissioner, Social Security
Administration,

                    **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Legal Services of Central New York<br>472 South Salina Street<br>Suite 300<br>Syracuse, NY 13202 | CHRISTOPHER CADIN, ESQ. |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN<br>United States Attorney<br>100 South Clinton Street<br>Syracuse, NY 13261 | JASON P. PECK<br>Special Assistant U.S. Attorney |
| Steven P. Conte<br>Regional Chief Counsel<br>Social Security Administration<br>Office of General Counsel, Region II<br>26 Federal Plaza, Room 3904<br>New York, NY 10278 | |

**Gary L. Sharpe
Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Richard Allen Bliss challenges defendant Commissioner of Social Security's denial of social security disability insurance benefits (DIB) and supplemental security income (SSI), seeking review under 42 U.S.C. § 405(g).[1]  (Compl., Dkt. No. 1.)  In a Report-Recommendation and Order (R&R) filed August 8, 2014, Magistrate Judge Christian F. Hummel recommended that the Commissioner's decision be affirmed and Bliss' complaint be dismissed.  (Dkt. No. 19.)  Pending are Bliss' objections to the R&R.  (Dkt. No. 20.)  For the reasons that follow, the court adopts the R&R in its entirety.

## II. Background[2]

On September 13, 2010, Bliss filed an application for DIB and SSI under the Social Security Act.  (Tr.[3] at 93-99, 100, 188-94, 195-200.)  After his application was denied, (*id.* at 27, 101-06), Bliss requested a hearing

---

[1] 42 U.S.C. § 1383(c)(3) renders section 405(g) applicable to judicial review of SSI claims.

[2] The court incorporates the factual recitations of the parties and Judge Hummel.  (Dkt. No. 17 at 1-6; Dkt. No. 18 at 2; Dkt. No. 19 at 2.)

[3] Page references preceded by "Tr." are to the Administrative Transcript.  (Dkt. No. 13.)

before an Administrative Law Judge (ALJ), which was held on April 12, 2012, (*id.* at 21-23, 43-92). On May 10, 2012, the ALJ issued a decision denying the requested relief, (*id.* at 24-42), which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review, (*id.* at 1-5).

Bliss commenced the present action by filing a complaint on September 4, 2013, seeking judicial review of the Commissioner's determination. (*See generally* Compl.) After receiving the parties' briefs, Judge Hummel issued an R&R recommending dismissal of Bliss' complaint. (Dkt. No. 19.)

### III. Standard of Review

By statute and rule, district courts are authorized to refer social security appeals to magistrate judges for proposed findings and recommendations as to disposition. *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18. Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. See Almonte v.

3

*N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at *3, *5 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at *4-5.

## IV. Discussion

Bliss purports to object to the R&R on several grounds. (Dkt. No. 20 at 5-24.) First, he asserts that the ALJ erred in determining the severity of his impairments. (*Id.* at 5-8.) Second, Bliss contends that the ALJ improperly failed to develop the record by not re-contacting one of Bliss' treating physicians. (*Id.* at 8-10.) Third, Bliss argues that the ALJ should have given controlling weight to the opinion of one of his treating physicians, and that the ALJ's credibility determination with respect to Bliss' own statements regarding his symptoms was flawed. (*Id.* at 11-13, 20-22.) Next, Bliss asserts that the ALJ's residual functional capacity determination "is inaccurate, incomplete, and not supported by substantial evidence." (*Id.* at 13-20.) Lastly, Bliss contends that the other alleged errors in the ALJ's analysis tainted the step five determination that there were a significant

4

number of jobs in the national economy that Bliss could perform. (*Id.* at 22-24.)

The substance of these arguments, however, was previously raised in Bliss' initial memorandum of law and considered and rejected by Judge Hummel. (*Compare id.* at 5-24, *with* Dkt. No. 17 at 10-25.) Bliss' objections are, in fact, nearly identical to, and appear to be, for the most part, copied directly from, the arguments raised in his original brief. He makes only passing references to the R&R, and has not identified any specific errors made by the magistrate judge. Instead, he reiterates his assertions that the ALJ erred in his analysis. Bliss' "objections," therefore, are general and do not warrant *de novo* review. *See Gusky v. Astrue*, 954 F. Supp. 2d 180, 184 (W.D.N.Y. 2013) ("[W]hen the objections simply reiterate previous arguments . . . the Court should review the report for clear error."); *Almonte*, 2006 WL 149049, at *4. The court, having carefully reviewed the record, finds no clear error in the R&R and accepts and adopts it in its entirety.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Christian F. Hummel's August 8,

2014 Report-Recommendation and Order (Dkt. No. 19) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Bliss' complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 3, 2015
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court